IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03025-BNB

ADAM A. KIPPES,

    Applicant,

v.

WILLIAM J. MAY, Superintendent, CMHIP,

    Respondent.

## SECOND ORDER TO FILE PRELIMINARY RESPONSE

    Applicant, Adam A. Kippes, currently is confined at the Colorado Mental Health Institute at Pueblo, Colorado.  Mr. Kippes, acting *pro se*, filed a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 13) challenging his pre-conviction confinement.  As part of the preliminary consideration of the second amended application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court determined that a limited Preliminary Response is appropriate.  Therefore, on December 27, 2013, the Court ordered Respondent to file a preliminary response within twenty-one days.  Respondent has failed to do so within the time allowed.

    Therefore, Respondent again is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.  If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that

decision in the Preliminary Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.

Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response. It is

FURTHER ORDERED that the Court also serve the Attorney General of the State of Colorado. It is

FURTHER ORDERED that Respondent and the Attorney General of the State of

Colorado inform the Court **within twenty-one days from the date of this Order** if the appropriate parties are being served.

Dated:  January 27, 2014

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge