IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03025-BNB

ADAM A. KIPPES,

    Applicant,

v.

WILLIAM MAY, Superintendent, CMHIP, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Adam A. Kippes, is confined at the Colorado Mental Health Institute (CMHI) at Pueblo, Colorado. On December 16, 2013, Mr. Kippes filed *pro se* a second amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 13). He is challenging his state court-ordered commitment for restoration treatment to CMHI, a facility of the Colorado Department of Human Services (CDHS). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On December 27, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 15) directing Respondents to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies. On January 27, 2014, Magistrate Judge Boland entered a second order (ECF No. 19) for a preliminary response. On February 17, 2014, Respondents submitted their preliminary response (ECF No. 22). Mr. Kippes did not file a reply to the preliminary response, although he was given the opportunity to do so.

The Court must construe Mr. Kippes' second amended application liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application, and dismiss the action.

In October 2012, Mr. Kippes was arrested and charged with misdemeanor violation of a protection order in Jefferson County, Colorado, district court case number 2012M5492. ECF No. 22, ex. A at 1. On May 24, 2013, the Jefferson County District Court entered an order for an in-patient competency evaluation (ECF No. 22, ex. B) because Mr. Kippes "appear[ed] to have a mental illness and, as a result of such mental illness, appear[ed] to be an imminent danger to himself." ECF No. 22, ex. B at 1, ¶ 4; *see also* Colo. Rev. Stat. § 16-8.5-105(1)(a). Criminal proceedings were suspended. ECF No. 22, ex. A at 2.

On August 1, 2013, subsequent to completion of the in-patient competency evaluation, Mr. Kippes was found incompetent to proceed. ECF No. 22, ex. A at 2; *see also* ex. C (Commitment Order to Department of Human Services After Finding of Incompetent to Proceed) in No. 2012M5492. Mr. Kippes then was committed to the custody of the CDHS for placement at CMHIP in order to receive ongoing treatment. ECF No. 22, ex. C. Mr. Kippes remained at CMHIP, and the case was set for review on November 7, 2013. ECF No. 22, ex. C.

Between May 21, 2013, and November 18, 2013, CMHIP made reports to the Jefferson County District Court regarding Mr. Kippes' adjudicative competence. ECF

No. 22, ex. D (Motion to Terminate Criminal Proceedings) in No. 2012M5492; ex. E (Integrated Colorado Online Network) in No. 2012M5492.  Throughout this period of time, Mr. Kippes remained incompetent to proceed.  ECF No. 22, ex. D at 1, ¶¶ 2, 4, and 6; ex. E at 2-3.  Consequently, the district court ordered Mr. Kippes' continued commitment to CDHS for restoration treatment.  ECF No. 22, ex. D at 1-2, ¶¶ 5 and 10; ex. E at 2-3.

CMHIP previously found Mr. Kippes incompetent to proceed on charges arising in 2009 in Boulder County, Colorado.  ECF No. 22, ex. D at 2, ¶¶ 7, 9, and 10.  Considering both Case No. 2012M5492 and the Boulder County case, CMHIP has found Mr. Kippes incompetent to proceed on thirteen occasions.  ECF No. 22, ex. D at 2, ¶ 9.

If there is a "substantial probability" that a defendant will not be "restored to competency within the foreseeable future," a state court may order the release of the defendant from commitment.  Colo. Rev. Stat. § 16-8.5-116(2).  In view of Mr. Kippes' history of persistent incompetency to proceed, his defense counsel, on November 18, 2013, filed a Motion to Terminate Criminal Proceedings in No. 2012M5492.  ECF No. 22, ex. D.  Mr. Kippes initiated the instant action thirteen days before on November 5, 2013.  On February 6, 2014, the Jefferson County District Court granted the district attorney's motion to terminate, and No. 2012M5492 was closed.  ECF No. 22, ex. E at 3.

Mr. Kippes' application is directed at his confinement arising from 2012M5492. He asserts three claims challenging aspects of the criminal court proceedings leading to his CMHIP commitment:  (1) the police lacked probable cause to arrest him, (2) he was

denied a speedy and public trial, and (3) witnesses and evidence were suppressed. For the reasons stated below, the habeas corpus application will be denied, and the action will be dismissed.

Judicial review of the execution of a sentence is governed by 28 U.S.C. § 2241. *See, e.g.*, *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A federal court may only grant habeas relief when a state prisoner is "in custody in violation of the constitution, laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts do not possess supervisory authority over state judicial proceedings; they may only intervene to correct violations of federal law. *See, e.g.*, *Smith v. Phillips*, 455 U.S. 209, 221 (1982). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court

4

proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Colorado law provides two avenues by which an individual committed for restoration treatment may avoid confinement at CMHIP. Upon a finding of incompetent to proceed, a defendant first may request that the state court release him on bond for out-of-custody restoration treatment. Colo. Rev. Stat. § 16-8.5-111(2)(a). If denied, a defendant has the same right to appeal as any other criminal defendant. If treatment is found unlikely to be restored in the foreseeable future, a person committed to CDHS also may petition the court for termination of criminal proceedings and the commitment order. Colo. Rev. Stat. § 16-8.5-116(2). Upon termination of a commitment order, confinement pursuant to the related criminal matter also is terminated.

Mr. Kippes initially was found incompetent to proceed in No. 2012M5492. At the time the Jefferson County District Court made its finding, Mr. Kippes could have attempted to avoid confinement by requesting on-bond restoration treatment pursuant to Colo. Rev. Stat. § 16-8.5-111(2)(a). The record is unclear whether any attempt was made to avoid confinement in this manner. If an attempt was made and unsuccessful, Mr. Kippes could and should have availed himself of state appellate review, thereby exhausting state-court remedies. The record does not reveal any such appeal. Thus, Mr. Kippes failed to exhaust state court remedies.

Mr. Kippes' confinement subsequent to the finding of incompetent to proceed, although involuntary, was not the result of a criminal conviction or sentence. While competency to proceed was raised in the context of a criminal case, the criminal

proceedings expressly were suspended during the pendency of competency restoration treatment. Thus, Mr. Kippes' confinement was the result of a commitment order. ECF No. 22, ex. C.

Mr. Kippes remained at CMHIP for restoration treatment and was found persistently incompetent to proceed. The next available option to him was to petition for termination of criminal proceedings and the commitment order pursuant to Colo. Rev. Stat. § 16-8.5-116. Defense counsel sought this relief on Mr. Kippes behalf, and ultimately was successful, and the criminal charges were dismissed and commitment order terminated.

Because the criminal proceedings and commitment order were dismissed, the confinement that is the subject of Mr. Kippes' habeas corpus application no longer is in effect. There is no case or controversy. Where no case or controversy exists, the appeal is moot and subject to dismissal, *Aragon v. Shanks*, 144 F.3d 690, 692 (10th Cir. 1998), because "the question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction." *Johnson v. Riveland*, 855 F.2d 1477, 1480 (10th Cir. 1988) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (internal quotation marks omitted).

However, Mr. Kippes remains confined at the CMHIP. Upon termination of a criminal proceeding and commitment order, a state district court may initiate civil commitment proceedings. Colo. Rev. Stat. § 16-8.5-116(2)(c). Thus, hypothetically, Mr. Kippes could remain at CMHIP involuntarily as a civil commitment pursuant to § 16-8.5-116(2)(c). Although Respondents do not assert he is civilly committed to CMHIP, assuming *arguendo* he is, he still would be required to pursue further state-court review.

Persons civilly committed to CDHS pursuant to Colo. Rev. Stat. § 27-65-101, *et. seq*, are entitled to an order in the nature of habeas corpus upon proper petition to any court generally empowered to issue such orders. Colo. Rev. Stat § 27-65-113. The Colorado Supreme Court has initial jurisdiction over writs of habeas corpus challenging the application of state statutes. Colo. Rev. Stat. § 13-4-102(1)(e). This jurisdiction includes challenges to the care and treatment of mental-health patients pursuant to state statutes. *See, e.g.*, *Goedecke v. Colorado, Dep't of Institutions*, 603 P.2d 123 (Colo. 1979). Thus, if held involuntarily at CMHIP pursuant to a civil commitment, Mr. Kippes would have a statutory right to present his habeas corpus claim to the state supreme court, the first level of review required prior to federal district court consideration.

To date, Mr. Kippes has not sought state-level habeas corpus review of his claim. Respondents allege there are no cases in the state supreme court's register of actions involving Mr. Kippes. Therefore, the habeas corpus application must be dismissed either as moot or for failure to exhaust state court habeas corpus remedies available to challenge his CMHIP commitment.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Kippes files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the second amended habeas corpus application (ECF No. 8) is denied and the action is dismissed as moot or for failure to exhaust available state-court remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __14th__ day of ____May_____, 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court